■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. RACKS, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered May 2, 1961 on his plea of guilty, convicting him of attempted possession of narcotics as a felony, and sentencing him to serve a term of two and one-half to five years. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. RACKS, Appellant.— In a proceeding by defendant to vacate the judgment of the County Court, Kings County, rendered May 2, 1961 on his plea of guilty, convicting him of attempted possession of narcotics as a felony; to correct the record so as to reflect the circumstances of his arrest and search, and for other relief, he appeals from an order of said court, dated March 22, 1962, which denied his application. Order affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LIONEL HOLMES, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, petitioner appeals from a final order of the Supreme Court, Dutchess County, dated December 18, 1961 dismissing his writ and remanding him to custody. Order affirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SALVATORE ODDO, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, entered November 1, 1961, which, after a hearing, dismissed the writ and remanded relator to the custody of respondent. Relator sought his release from confinement on the ground that the action of the Board of Parole, in declaring him delinquent and returning him to prison, was unlawful. At the hearing the relator's uncontradicted testimony was to the effect that the revocation of his parole was based on evidence obtained in the course of an illegal search and seizure. Order affirmed. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ SOL ROSEN, Respondent, v. BERTHA SHEAR, Also Known as BERTHA WEINBERG, et al., Appellants.— In an action for an accounting, and for other relief, in which an interlocutory decree had been entered on April 30, 1956 directing that an Official Referee take and state the account between the parties, the defendants appeal from an order of the Supreme Court, Kings County, entered December 18, 1961, denying their motion: (1) to vacate a note of issue, served by plaintiff, which set the cause down for a hearing before an Official Referee to take and state the accounts of defendants in conformity with said interlocutory decree; and (2) to strike such reference from the Referee's Calendar. Order affirmed, with $10 costs and disbursements. The plaintiff, if so advised, may serve a new note of issue within 20 days after entry of the order hereon. No opinion. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.